IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KATHERINE DELORES CORBIN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. CCB-18-1137 |
| M.D. STACEY SCHEIB, *et al.*, | * | |
| Defendants. | * | |
| | *** | |

## ORDER

On April 19, 2018, plaintiff Katherine Delores Corbin filed the above-captioned complaint, invoking this court's diversity jurisdiction to consider her medical malpractice claims against defendants Stacey Scheib, M.D., John Li-Jon Wu, M.D., and Johns Hopkins Hospital. Compl., ECF No. 1. Plaintiff also filed a Motion to Proceed in Forma Pauperis, which the court denied on April 23, 2018. Mot., ECF No. 2; Order, ECF No. 3. For reasons noted herein, the complaint shall be dismissed without prejudice.

The federal court does not sit to review every claim related to alleged tortious conduct involving non-federal parties. It may, however, have authority to review such claims based on the court's diversity of citizenship jurisdiction. When a party seeks to invoke diversity jurisdiction under 28 U.S.C. § 1332, she bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete. *See Strawn v. AT&T Mobility, LLC*, 530 F.3d 293, 296 (4th Cir. 2008); *Advani Enterprises., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998). The requirement of complete diversity of citizenship mandates that each plaintiff meet the diversity requirements as to each defendant. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989).

Diversity jurisdiction exists when the parties are of diverse citizenship and the amount in

controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Plaintiff seeks damages in the amount of $750,000, which satisfies the amount-in-controversy requirement. Compl. at 4. The court's concern, however, centers on whether the citizenship of the parties is diverse.

Under 28 U.S.C. §1332(a), complete diversity among parties is required, "meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Virginia Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). For purposes of diversity, a corporation is "deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Supreme Court has made clear that a corporation's principal place of business is the place where "the corporation's high level officers direct, control, and coordinate the corporation's activities[, which is] often metaphorically called . . . the corporation's 'nerve center,'" and "will typically be found at [the] corporation's headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010); *accord Cent. W. Virginia Energy Co.*, 636 F.3d at 104-07.

As plaintiff acknowledges in her complaint, defendant Johns Hopkins Hospital is incorporated under the laws of the State of Maryland and has its principal place of business in the State of Maryland. Compl. at 3. Because plaintiff is a citizen of the State of Maryland, the citizenship of the parties in the instant case is not diverse; thus, there is no basis for diversity jurisdiction over the state law claim asserted. While the complaint may be filed in the appropriate state court, it may not proceed here.

Accordingly, it is this 24th day of April, 2018, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. This court's previous order directing plaintiff to pay the full filing fee (ECF No. 3) IS VACATED;

2. The Complaint IS DISMISSED without prejudice;

3. The Clerk SHALL CLOSE this case; and

4. The Clerk SHALL PROVIDE a copy of this order to plaintiff.

_____
Catherine C. Blake
United States District Judge